# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE FLORES HERNANDEZ,<br>TDCJ No. 0305602,<br><br>   Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>   Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. SA-20-CA-1298-JKP |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Jose Flores Hernandez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 8), and Petitioner's Replies (ECF Nos. 12, 14, 16) thereto. Petitioner challenges the constitutionality of his 1980 state court murder conviction, arguing: (1) the State breached the plea bargain agreement by sentencing him to life imprisonment instead of sixty years, (2) the State either attached another inmate's docket to his case or changed his SID number, (3) the State illegally cumulated his sentence, (4) the State lacks jurisdiction over him, (5) the State failed to compute bonus time credit on his sentence, and (6) the judgment is void because the prosecutor lacked authority to prosecute the case. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In May 1980, Petitioner plead guilty to the offense of murder and was sentenced to life imprisonment. *State v. Hernandez*, No. 80-CR-1362-W (186th Dist. Ct., Bexar Cnty., Tex. May 27, 1980); (ECF No. 9-7 at 4). Pursuant to the plea bargain agreement, Petitioner judicially confessed to committing the offense, waived his right to a jury trial, and waived his right to appeal. *Id*. at 4-15. As a result, Petitioner did not appeal his conviction and life sentence.

Instead, Petitioner filed a motion for judgment *nunc pro tunc* in 2018 seeking time credit on his sentence. The trial court denied Petitioner's motion on March 21, 2018, finding that there is "no error in defendant's judgment." *Id*. at 45. Petitioner attempted to appeal this decision, but the Texas Fourth Court of Appeals dismissed the appeal for lack of jurisdiction and the Texas Court of Criminal Appeals refused his petition for discretionary review (PDR). *Hernandez v. State*, No. 04-18-00274-CR (Tex. App.—San Antonio, July 25, 2018, pet. ref'd); *Hernandez v. State*, No. PD-0945-18 (Tex. Crim. App. Nov. 7, 2018); (ECF Nos. 9-5, 9-11). Petitioner's later attempts at mandamus relief were also unsuccessful. (ECF Nos. 9-12, 9-14, 9-15).

On November 11, 2019, Petitioner filed his first state habeas corpus application challenging his conviction and sentence. *Ex parte Hernandez*, No. 89,543-02 (Tex. Crim. App.); (ECF No. 9-16 at 22). The Texas Court of Criminal Appeals ultimately denied the application without written order on April 15, 2020. (ECF No. 9-13). On June 4, 2020, Petitioner filed a second state habeas application challenging his conviction and sentence which was ultimately dismissed by the TCCA on September 30, 2020, as a successive petition pursuant to Tex. Code. Crim. Proc. Art. 11.07, Sec. 4. *Ex parte Hernandez*, No. 89,543-03 (Tex. Crim. App.); (ECF Nos. 9-24, 9-25 at 19). Petitioner then placed the instant federal habeas petition in the prison mail system on October 28, 2020. (ECF No. 1 at 10).

## II. Timeliness Analysis

Respondent contends the allegations raised in Petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final June 26, 1980, when the time for appealing the judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence). However, the one-year limitations period of § 2244(d)(1) did not become effective until April 24, 1996, the day Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* Pub. L. No. 104–132, 110 Stat. 1217. As a result, the limitations period under § 2244(d) for Petitioner to file a federal habeas petition challenging his underlying conviction expired a year later on April 24, 1997. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998) (finding such petitioners have one year after the April 24, 1996, effective date of AEDPA in which to file a § 2254 petition for collateral relief).

Petitioner did not file his § 2254 petition until October 28, 2020—over twenty-three years after the limitations period expired. Thus, his petition is barred by AEDPA's one-year statute of limitations unless it is subject to either statutory or equitable tolling.

### A.   Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that

violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner did eventually challenge the instant conviction and sentence by filing an application for state post-conviction relief in November 2019 and again in June 2020. (ECF Nos. 9-16, 9-25). But as discussed previously, Petitioner's limitations period for filing a federal petition expired over two decades prior to Petitioner's state habeas applications. Because the state habeas applications were both filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, they do not toll the one-year limitations period.[1] *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the instant § 2254 petition, filed October 28, 2020, is still over twenty-three years late.

**B.     Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v.*

---

[1] Petitioner's motion for judgment *nunc pro tunc* and subsequent mandamus requests also were filed well after the limitations period expired and consequently do not toll the limitations period. Even if filed earlier, Petitioner's requests for mandamus relief would not warrant tolling because they did not seek review of the underlying judgment. *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (finding a mandamus application did not toll the limitations period because it was not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment.").

*Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not provided this Court with any valid reason to equitably toll the limitations period in this case.  Even with the benefit of liberal construction, Petitioner is not entitled to the application of equitable tolling because he has not demonstrated the existence of an "extraordinary circumstance" that prevented his timely filing.  Indeed, a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period.  *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently.  Each of the allegations in Petitioner's federal petition concern the constitutionality of his May 1980 guilty plea and murder conviction, yet Petitioner did not submit his first state habeas corpus application challenging this conviction until November 2019, over thirty-nine years after his conviction had become final under state law and over twenty-three years after the enactment of the AEDPA.  Petitioner fails to establish that his claims could not have been discovered and presented earlier.

Because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and Petitioner Jose Flores Hernandez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 3rd day of August, 2021.

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**